(No. 5434— ▐▐▐▐▐▐▐▐▐▐▐▐▐▐

FLORENCE CRITTENTON PEORIA HOME, A Not-For-Profit Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1968.*

HEYL, ROYSTER, VOELKER and ALLEN, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant seeks to recover for maintenance and medical services rendered to Linda Jo Clark, a resident of the State of Illinois, living at Olney, Illinois, who was referred to claimant for services by the office of the Illinois Department of Children and Family Services at Olney, Illinois. The services for which the claim is filed were rendered to the subject from April 27, 1967 through June 30, 1967 at the established and agreed rate of $5.00

per diem, and the total now claimed is $320.00 for that period. The same remains unpaid by virtue of the fact that the appropriation had lapsed from which the statement for these services would have been paid.

A statement of facts by the Director of the Department of Children and Family Services constitutes the Departmental Report, and is the prima facie evidence in this cause. Subsequently, on the 4th day of March, 1968 a written stipulation, entered into by claimant and respondent, was filed herein whereby it was agreed that no further oral or written evidence would be introduced by either party, and that, in fact, the Departmental Report or statement of facts would be admitted into evidence in this proceedings without objection by either party.

The aforementioned statement of facts reads as follows:

"Claimant's statement in paragraph 1 of the complaint that claimant is a not-for-profit corporation duly licensed by the State of Illinois engaged in the operation of a home to provide nursing care, maintenance and education for pregnant unmarried females in the City of Peoria, County of Peoria, State of Illinois, is correct.

"Regarding paragraph 2, maintenance and medical services for Linda Jo Clark were contracted for through our Olney District Office of the Division of Child Welfare, Department of Children and Family Services, and that these services were to be provided by claimant.

"Services were rendered to Linda Jo Clark by the Florence Crittenton Peoria Home from April 27, 1967 through June 30, 1967 at the established rate of Five Dollars ($5.00) per diem; the total of said services rendered is in the sum of Three Hundred Twenty Dollars ($320.00), which is now due and unpaid.

"With regard to paragraph 4 of claimant's complaint, to the best of our knowledge this statement is true.

"The Olney District Office Supervisor, B. Michael Bequette, has stated that records in their office indicate that the bill for the above mentioned services for Linda Jo Clark was not received until September 29, 1967; whereas bills for services rendered prior to July 1, 1967, must

be presented no later than September 15, 1967, as per exhibit "A" attached to the complaint.

"As to paragraph 6 of the complaint in which claimant states that no assignment or transfer of any part or interest therein of the claim has been made, we can only state that we have no knowledge of any such assignment or transfer.

"Our investigation indicates that the charge of Three Hundred Twenty Dollars ($320.00) appearing in this claim is legitimate, and, therefore, the claimant is justly entitled to payment of this sum.

"The statements made in paragraphs 8 and 9 of the complaint appear to be correct to the best of our knowledge.

"Funds for payment of this charge were available in the appropriation to the Department of Children and Family Services contained in Section 5 of House Bill 1394, 74th General Assembly, approved July 17, 1965. The lapsed balance was sufficient to cover the charge in question."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *Continental Oil Company* vs. *State of Illinois*, 23 C.C.R. 70, and *M. J. Holleran, Inc.* vs. *State of Illinois*, 23 C.C.R. 17.

Claimant, Florence Crittenton Peoria Home, is hereby awarded the sum of $320.00.